Filed 10/22/20  In re R.W. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re R.W. et al., Persons Coming Under the Juvenile Court Law. | B302097 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP04977) |
| Plaintiff and Respondent, | |
| v. | |
| B.G, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Annabelle G. Cortez, Judge.  Conditionally affirmed and remanded.

Tracy M De Soto, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel, Stephanie Jo Reagan, Principal Deputy County Counsel, for Plaintiff and Respondent.

————————————————

B.G. (mother) challenges the juvenile court's orders sustaining a petition filed under Welfare and Institutions Code section 300, subdivisions (a) and (b),[1] and removing mother's twin children, Ra.W. and Ryan W. (twins) from parental custody. Mother contends that respondent Los Angeles County Department of Children and Family Services (Department) and the juvenile court failed to adequately investigate the possibility that the twins were Indian children as required under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). We conditionally affirm and remand the case for the limited purpose of compliance with ICWA.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the sole issue raised in mother's appeal is ICWA compliance, we focus primarily on the facts and procedural background relevant to that issue. During the Department's investigation into domestic violence between

_____

[1] All statutory references are to the Welfare and Institutions Code, unless stated otherwise.

mother and R.W. (father),[2] a social worker inquired about possible Indian ancestry for either parent. Mother denied any Indian ancestry, but father believed his family has Native American ancestry on paternal grandmother's side; he stated, however, that he and paternal grandmother were not in communication with that side of the family. Other than an entry in the detention report that the Department obtained a police call log for paternal grandmother's address, there is no indication on the record that anyone at the Department had any contact with paternal grandmother.

At the detention hearing on August 7, 2019, mother and father both completed and filed California Judicial Council Form ICWA-020 (Parental Notification of Indian Status) stating they did not have any Indian ancestry. The court noted it had received the ICWA-020 forms and found there was no reason to know that ICWA applied.

On October 7, 2018, the court sustained the petition allegations against mother and father. It also ordered that the children would remain removed from parental custody. Mother filed a notice of appeal.

## DISCUSSION

Mother contends the Department's and the juvenile court's failure to investigate father's claim of possible Indian

---

[2] Father is not a party to this appeal.

ancestry is error requiring reversal of the court's jurisdictional findings and dispositional orders.

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' [Citation.]" (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7–8 (*Isaiah W.*).)  "In California, . . . persistent noncompliance with ICWA led the Legislature in 2006 to 'incorporate[ ] ICWA's requirements into California statutory law.' [Citations.]" (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; see also *In re Breanna S.* (2017) 8 Cal.App.5th 636, 650 (*Breanna S.*) [California law "incorporates and enhances ICWA's requirements"].)  Both ICWA and California law define an "Indian child" as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.  (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see also *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

We review the trial court's ICWA findings for substantial evidence.  (*In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1467.)  We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts

in favor of affirmance.  (*In re Alexzander C.* (2017) 18 Cal.App.5th 438, 446.)

Noncompliance with ICWA inquiry or notice requirements may be raised by either parent, regardless of whether the parent pursuing the appeal has claimed possible Indian ancestry.  (*In re A.W.* (2019) 38 Cal.App.5th 655, 665 [a non-Indian parent has standing to raise an ICWA violation on appeal].)  We apply the federal and state statutes in effect on the date of the hearing.  (*In re A.M.* (2020) 47 Cal.App.5th 303, 321.)

The court and the Department have an affirmative and continuing duty under the ICWA and related California law to inquire whether a child who is the subject of a dependency proceeding is or may be an Indian child.  (*Isaiah W.*, *supra*, 1 Cal.5th at pp. 7–8.)  The scope of the duty of inquiry is defined in regulations promulgated under ICWA (see 25 C.F.R. § 23.107 et seq. (2020)) and sections 224.2 and 224.3. As discussed in two recent cases, *In re Austin J.* (2020) 47 Cal.App.5th 870, 883 (*Austin J.*) and *In re D.S.* (2020) 46 Cal.App.5th 1041, 1048–1049, California law imposes a duty of initial inquiry in every case, and a duty of further inquiry when there is reason to believe a minor may be an Indian child under the ICWA.

The Department's initial duty of inquiry at the beginning of a child welfare proceeding includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the

5

child is, or may be, an Indian child." (§ 224.2, subd. (b).) The court must inquire at each party's first appearance, whether any participant in the proceeding "knows or has reason to know that the child is an Indian child." (§ 224.2, subd. (c).) Part of the initial inquiry also includes requiring each party to complete the ICWA-020 form. (Cal. Rules of Court, rule 5.481(a)(2)(C).)

When there is reason to believe that an Indian child is involved in a proceeding, further inquiry is required. (*Austin J.*, *supra*, 47 Cal.App.5th at p. 883; *In re D.S.*, *supra*, 46 Cal.App.5th at pp. 1048–1049.) As relevant here, further inquiry includes interviewing parents and extended family members to obtain information such as the names of the child's "biological parents, grandparents, and great-grandparents, . . . as well as their current and former addresses, birth dates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other identifying information, if known." (§ 224.2, subd. (e)(1); 224.3, subd. (a)(5)(C).) The agency engaging in further inquiry is also required to contact the BIA, the State Department of Social Services and any tribes the child may be affiliated with, and anyone else, that might have information regarding the child's membership or eligibility in a tribe. (§ 224.2, subds. (e)(2) & (e)(3).)

Mother contends the court and the Department did not comply with their duties under the ICWA. The Department disputes that it was under a duty to conduct further inquiry into father's generalized claim of Native American ancestry.

6

(*Austin J., supra,* 47 Cal.App.5th at pp. 888–889 [further inquiry is not required based on a bare suggestion of the possibility of Indian ancestry].) However, the Department concedes error based on the lack of any evidence that it contacted paternal grandmother to ask if she had information about the twins' possible Indian ancestry, and the court's failure to ask both parents about possible Indian ancestry at the detention hearing.

We agree with both parties that under section 224.2, subdivision (c), the dependency court should have inquired at the August 9, 2019 detention hearing whether anyone knew or had reason to know that the twins were Indian children.

Turning to the question of whether the Department had a duty to reconcile father's conflicting statements about possible Indian ancestry, the Department acknowledges the record does not reflect that it asked, or attempted to ask, the paternal grandmother whether the children were, or might be, Indian children. Assuming the Department was in contact with paternal grandmother, such a question would be part of its duty of initial inquiry. (§ 224.2 , subd. (b); 25 U.S.C. § 1903(2) [defining "'extended family member'" to include "the Indian child's grandparent, aunt or uncle"].) Based on the limited nature of mother's arguments and the facts of this particular case, we find it unnecessary to opine on what efforts the Department must make to locate and interview paternal grandmother if it has not already been in

contact with her, or whether "further inquiry" under section 224.2, subdivision (e), is warranted.

Because both the Department and the court are under a continuing duty of inquiry (*Isaiah W.*, *supra*, 1 Cal.5th at pp. 7–8), we reject mother's argument that the juvenile court's jurisdictional findings and dispositional orders must be reversed.  Instead, we conditionally affirm the court's orders and remand the matter for the juvenile court to carry out the requirements of section 224.2, subdivision (c), and direct the Department to make and document its efforts to identify and contact father's extended family to seek additional information about whether the twins are or may be Indian children.

## DISPOSITION

The October 7, 2019 jurisdictional findings and dispositional orders are conditionally affirmed. The matter is remanded to the juvenile court with directions to comply with ICWA and Welfare and Institutions Code, section 224.2, subdivisions (b) and (c).


MOOR, J.

We concur:



RUBIN, P. J.



KIM, J.